IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00172-F-12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CARLOS EDWARD CARMELO, | ) | |
| Defendant. | ) | |

This matter is before the court on Carlos Edward Carmelo's Motion for Revocation of Detention Order 18 U.S.C. § 3145(b) [DE-221]. In his Motion, Carmelo requests review of the detention order [DE-186] entered by United States Magistrate Judge Robert T. Numbers, II on June 12, 2015. For the reasons set forth below, Carmelo's Motion for Revocation of Detention Order 18 U.S.C. § 3145(b) is DENIED.

## I. Factual and Procedural Background

On May 27, 2015, the grand jury indicted Carmelo in one count of a thirty-nine count indictment with conspiracy to knowingly and intentionally manufacture, distribute, dispense and possess with intent to distribute five (5) kilograms or more of cocaine and two-hundred eighty (280) grams or more of cocaine base (crack), pursuant to 21 U.S.C. §§ 841 and 846. *See* Indictment [DE-1].

Carmelo's initial appearance was held on June 8, 2015, before Magistrate Judge Numbers. At that time, the Government moved for pretrial detention. Carmelo was temporarily remanded to the custody of the United States Marshal, and a detention hearing was scheduled for June 12, 2015.

On June 12, 2015, a detention hearing was held by Magistrate Judge Numbers. Carmelo

was present and represented by Tom Wilson, who was standing in for Richard E. Rowe, Carmelo's appointed counsel. The Government was represented by Assistant United States Attorney Jennifer Wells. At the hearing, Carmelo presented Ellise Commodore, his mother, as a third-party custodian. The Government presented the testimony of Kevin Dickinson, an agent with the Cumberland County Sheriff's Office.

On June 12, 2015, Judge Numbers entered a Detention Order Pending Trial [DE-186]. Judge Numbers found that there was a serious risk that Carmelo would endanger the safety of another person or the community. *Id.* at 2. Judge Numbers concluded that the testimony and information submitted at the detention hearing established by clear and convincing evidence that for the following reasons there is no condition or combination of conditions that could be imposed which would reasonably assure the safety of another person or the community: the nature of the charges, the apparent strength of the Government's case, and the history of probation revocations. *Id.*

Carmelo filed his Motion for Revocation of Detention Order 18 U.S.C. § 3145(b) [DE-221] on June 24, 2015. Carmelo urges the court to determine that most of the factors for release under 18 U.S.C. § 3142(g) suggest that he should be released, including the following considerations: (1) Carmelo has for the past fifteen years lived in the area and has family ties that would tend to keep him there; (2) Carmelo has an adequate third-party custodian, his mother, who has agreed to abide by the rules set out by the Court upon his release and by which he has already rebutted the presumption of detention; (3) Carmelo has a history of employment and employment waiting for him if released; and (4) There was not a sufficient showing that there would be any danger to the community if Carmelo were released, in light of other considerations

2

weighing in favor of release. *Id.* at 5.

## II. Standard of Review

Under the Bail Reform Act, a court should release a defendant on a personal recognizance, unsecured bond, or specified condition or combination of conditions, whichever is the least restrictive necessary, to assure the defendant's appearance and the safety of others and the community. 18 U.S.C. § 3142(a)(1-2), (b) and (c). However, a defendant must be detained pending trial if, after a hearing, the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). Subject to rebuttal, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *Id.* § 3142(e)(3)(A). Thus, in this case, a rebuttable presumption of pretrial detention applies to Carmelo.

## III. Detention Hearing

At the June 12, 2015 detention hearing, Agent Dickinson testified about an investigation that began sometime between 1999 and 2000 into a large-scale drug trafficking organization in the Godwin Falcon area of Cumberland County. Lemont Webb and Antoine Myles were running the drug trafficking organization. According to Agent Dickinson, they would purchase a half to a whole kilo of powder cocaine and break it into user amounts. They would then convert it to crack cocaine and sell it to people living in Harnett, Sampson, and surrounding counties. The investigation revealed that Carmelo sold crack cocaine from a crack house.

3

Agent Dickinson explained that the investigation included a Title III wiretap, which covered Webb's and Myles's phones from July of 2014 to the end of October of 2014. During the time of the wiretap, the drug trafficking organization brought in close to $923,000 for the sell and distribution of crack cocaine. The wiretap intercepted Carmelo and confirmed what the investigation revealed, which was that Carmelo worked approximately every other day selling crack cocaine from the crack house located at 8206 Godwin Falcon Road.

At the time of his arrest, Carmelo had an opportunity to speak with law enforcement. After waiving his *Miranda* rights, Carmelo explained how the drug trafficking organization worked and his role. Carmelo stated that he worked in shift work and sold what Webb and Myles brought to him. Carmelo explained that he got involved in the drug trafficking organization because they gave him a place to stay after he got out of prison.

## IV. Discussion

The strength of the Government's case supports the Magistrate Judge's decision to detain Carmelo. As noted above, Agent Dickinson testified at Carmelo's detention hearing that Carmelo's involvement in the large-scale drug trafficking organization was revealed through investigation and later confirmed through the use of a Title III wiretap.

Carmelo's prior convictions and the fact that the current charges stem from activity allegedly occurring while Carmelo was on supervised release also supports the Magistrate Judge's decision. Carmelo has the following prior felony convictions: (1) a 1998 conviction for burglary, (2) a 1998 conviction for attempted robbery, and (3) a 2006 conviction for felon in possession of firearms and ammunition. The drug distribution conspiracy for which Carmelo is presently charged is alleged to have occurred while Carmelo was supervised release status for his

2006 conviction for felon in possession of firearms and ammunition.

In conclusion, considering all the circumstances of this case, the court concludes that the decision of the Magistrate Judge is correct, and detention prior to trial is necessary.

## V. Conclusion

Based on the foregoing, Carmelo's Motion for Revocation of Detention Order 18 U.S.C. § 3145(b) [DE-221] is DENIED.

SO ORDERED.

This, the 28th day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge